C. A. Weigand, Appellant, v. Atlantic Refining Company, a Corporation of Pennsylvania.

*Negligence—Master and servant—Vicious mule—Evidence.*

In an action by an employee against his employer to recover damages for personal injuries sustained from a kick of a mule, there is no error in excluding an offer of the plaintiff to show that one of the mules of the team prior to the kicking of the plaintiff had kicked and injured another driver, without any offer to show the time when, or the circumstances under which, the injury was inflicted, or by which mule it had been done. It is also proper to reject an offer to prove that the defendant's manager had been told that the team was unsafe, where it is not accompanied by an offer to show the time, with reference to the plaintiff's injury, when the communication was made, except that it was within two years thereof or in what respect the team was unsafe.

Argued Nov. 11, 1898. Appeal, No. 215, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., July T., 1897, No 401, refusing to take off nonsuit. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries caused by the kick of a mule. Before FRAZER, J.

At the trial it appeared that on March 1, 1897, the plaintiff, whose business was that of a driver of teams, entered the employ of the defendant company as driver of a team of mules, known as "Moreland team," used in delivering oil to retail dealers in what is known as a tank wagon; that some time previous to his employment to drive "Moreland team," he had been in defendant's employ as a driver of a tank wagon for a short time, first as a driver of a team of mules and afterwards of a team of horses; that the "Moreland team" had been used by the defendant in its tank wagon service for a number of years previous to March 1, 1897; that plaintiff cleaned the mules, put the harness on them, "hooked them up" and drove them on the 1st, 2d, 3d and 4th days of March; that on the afternoon of March 4, plaintiff went into the stall for the purpose of taking the "off-side" mule to the blacksmith shop to be shod; that when he took hold of the halter the mule threw up her head, striking plaintiff, knocking him down and trampling and

kicking him on the left side of the body and face, injuring him to such an extent as to require his confinement and treatment in the West Penn Hospital for twenty-six days, and also treatment for some time after leaving the hospital; that he went to work again for defendant on May 11, and continued in its employment until May 31, 1897, when he left its service voluntarily. The plaintiff offered to prove that some time within two years before the injury to plaintiff, one of the mules of the "Moreland team" kicked a young man named Bowman, who was at the time driving the team, breaking Bowman's leg, but neither the time nor circumstances under which the injury to Bowman was inflicted was included in the offer.

When Percy Moreland, a witness called by plaintiff, was on the stand, plaintiff offered to prove by him that he drove the team or span of mules owned by the Atlantic Company, and that he stated to Mr. Noble, who had absolute charge and control of a distinct branch of the company's business, that this team or span of mules was unsafe, and that Mr. Noble replied that he "could not help that, they had them and had to use them."

Defendant objected to the offer as incompetent and irrelevant, the evidence so far being that the plaintiff was injured by the off-side mule.

By the Court: Objection sustained. Your position might be correct if this team ran off and this man was injured. Exception and bill sealed for plaintiff. [4]

Plaintiff offered to prove by this witness that one of these mules, prior to March 4, 1897, had kicked and broken the leg of one Edward Bowman.

By the Court: Which one of the mules?

By Mr. Hudson, of counsel, for plaintiff: Nobody knows. Mr. Bowman don't know, nor anybody else.

Defendant objected to the offer as incompetent and irrelevant, for the reason that any evidence tending to show that any other person was kicked by the other mule is not competent in this case, and for the reason that the evidence so far shows that the plaintiff was injured by the off-side mule, and any evidence showing that either of these mules prior to this time had kicked any other person, without distinctly showing that it was the off-side mule which kicked the plaintiff, is incompetent and irrelevant.

By the Court: Objection sustained. We cannot hold other mules responsible for what the off-side mule did. Exception and bill sealed for plaintiff. [5]

Mr. Moreland recalled by plaintiff. By Mr. Hudson: I now make the following offer. I propose to prove by this witness, since the examination of Edward Bowman, who was kicked by one of these mules prior to March 4, 1897, Bowman stating that he thought the off mule kicked him, although he couldn't testify positively—I propose to prove that witness had a conversation with Mr. Noble, in which he stated to Mr. Noble that the mules were unsafe, and that Mr. Noble replied, " they had them, and they had to use them," this conversation occurring the morning after the mule kicked Bowman.

Defendant objected to the offer as incompetent and irrelevant.

By the Court: Exception and bill sealed for plaintiff. [6]

The court entered a compulsory nonsuit which it subsequently refused to take off. [3]

*Errors assigned* among others were (3) in not taking off nonsuit; (4–6) rulings on evidence, quoting the bill of exceptions.

*W. A. Hudson,* for appellant.—Whatever is calculated to establish the dangerous propensity of an animal in a sufficient degree is proper to establish a scienter: Rogers v. Rogers, 4 N. Y. St. Rep. 373; Cockerham v. Nixon, 11 Ired. Law (N. C.), 269.

The master is bound to furnish and maintain suitable instrumentalities for the duties required, and if he does not he is liable for a resulting accident: P., W. & B. R. R. v. Keenan, 103 Pa. 124; Rummell v. Dilworth, 111 Pa. 343 ; Patterson v. R. R., 76 Pa. 389; Lewis v. Seifert, 116 Pa. 628.

A single act done by the animal to the knowledge of the owner is sufficient to render him liable for subsequent similar injuries done by the animal: Smith v. Pelah, 2 Strange, 1264 ; Arnold v. Norton, 25 Conn. 92; Kittredge v. Elliott, 16 N. H. 77; Keshan v. Gates, 2 N. Y. S. C. (T. & C.) 288.

Where the owner of a domestic animal has seen or heard of things which would be sufficient to satisfy a man of ordinary prudence and caution that it is ill-disposed and likely to do

mischief he is liable: McCaskill v. Elliot, 5 Strobh. Law (S. C.), 196; Partlow v. Haggarty, 35 Ind. 178; McGarry v. New York & H. R. Co., 18 N. Y. Supp. 195; Reynolds v. Hussey, 64 N. H. 64.

Neither is it necessary, in order to fasten a liability upon the owner, that he have notice of a previous injury to others: Rider v. White, 65 N. Y. 54; Godeau v. Blood, 52 Vt. 251; Worth v. Gilling, L. R. 2 C. P. Cas. 1; Judge v. Cox, 1 Stark, 285; Cooley on Torts, 344; Ohlweiler v. Lohmann, 82 Wisconsin, 198; Lawlor v. French, 14 Misc. Rep. (N. Y.) 497; Gray v. Germania Gas Coal Co., 164 Pa. 508; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Coal Co. v. Jones, 86 Pa. 432; Haley v. Keim, 151 Pa. 117.

*J. E. McKelvy*, for appellee.—To hold the defendant liable, and to entitle plaintiff to recover for any injuries sustained by the kicking and trampling of defendant's mule, the plaintiff must show that the mule was vicious and the defendant had knowledge of its vicious nature: Mulherrin v. Henry, 11 Pa. C. C. R. 49; Bradley v. Myers, 10 Lancaster, 137; Curtis v. Schlosser, 14 Pa. C. C. R. 600; Easton Boro. v. Neff, 102 Pa. 474.

Viciousness may be proved by proof of a single act, followed by proof that it was of such a nature, and committed under such circumstances, as to show the animal was vicious: Cockerham v. Nixon, 11 Iredell (N. C.), 270; Arnold v. Norton, 25 Conn. 92.

OPINION BY MR. JUSTICE FELL, January 2, 1899:

It appeared at the trial that the plaintiff at the time he was injured was employed by the defendant company to deliver oil to retail dealers. He drove a pair of mules which had been owned by the company and used in its business for a number of years. He was an experienced driver, but had had charge of this team only four or five days. In the afternoon, after having returned to the stable and cleaned the mules, he went into the stall for the purpose of leading one of them to the blacksmith shop. As he took hold of the halter the mule threw its head around, struck the plaintiff and knocked him down, and then struck and kicked him.

As it was not shown that the mule had before injured or attempted to injure any one or that it had manifested in any way a vicious disposition, there was nothing in the testimony to warrant a recovery, and the judgment of nonsuit should stand unless it appears that offers of testimony were improperly rejected.

For the purpose of showing that the mule was vicious, an offer was made to prove by a witness called that one of the mules of the team prior to the kicking of the plaintiff had kicked and injured another driver. This was the whole offer. It was not proposed to show the time when or the circumstances under which the injury was inflicted, or which mule had done it. Indeed, it was stated in connection with the offer that no one knew which mule had kicked the other driver. It may require but little to establish the vicious disposition of a mule, but unless it is to be taken wholly for granted there must be some basis for a reasonable inference, and in this offer we see none. A mule may kick under circumstances which do not indicate a vicious disposition generally, as in case of sudden fright, or under provocation when teased, or in consequence of careless management. That it had kicked some months or years before, or when untrained, would not be reason for the inference of continued viciousness. The fact that one of the pair had kicked, which one not being shown, would not justify the conclusion that both were vicious, or that the injury had been inflicted by the one which had kicked a driver before.

The offers to prove that the company's manager had been told that the team was unsafe fixed no time with reference to the plaintiff's injury when the communication was made, except that it was within two years thereof. It was not proposed to show that any facts were stated to him, but the mere opinion of a witness, not that the mules were vicious, but that they were unsafe. They might have been unsafe in many ways, as the result of timidity or want of training, without showing any indication of either general viciousness or a disposition to injure any one when in their stalls.

The judgment is affirmed.